IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN VIARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:21-cv-00537 |
| v. | ) |
| | ) Judge Trauger |
| NURSE f/n/u BRYANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Jonathan Viars, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Nurse f/n/u Bryant and Nurse f/n/u Burris, alleging violations of the plaintiff's civil rights at TTCC and while he was an inmate of the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while incarcerated at the BCCX, the plaintiff was refused any medical treatment at all on March 1, 2020, June 28, 2020, and June 29, 2020. (Attach. 1 to Doc. No. 1 at 13). On March 9, 2020, the plaintiff was taken to the medical department, observed for fifteen minutes, and released to his cell. (*Id.*) On July 1, 2020, the plaintiff was checked by a nurse, given an EKG, and released to his cell. (*Id*. at 14). On July 3, 2020, the plaintiff was checked by a

nurse and doctor and released to his cell. (*Id*. at 14-15). The plaintiff believes that he should have received additional care on these latter dates.

On September 2, 2020, while still at BCCX, the plaintiff began experiencing lower back pain, numbness in his legs, and an inability to move; he asked his cellmate to call for help. (*Id*. at 16). Some medical personnel came to the plaintiff's cell and checked on him, after which time Corrections Officers (C/O) f/n/u Gore[1] and f/n/u Campbell handcuffed the plaintiff, pulled him out of his cell, and took him "out the rec door through a side door off camera" where C/O Campbell pushed the plaintiff against the wall and put his right knee into the plaintiff's lower leg and C/O Gore hit the plaintiff in the back of his head and told him not to move or he would get hurt and "to go into medical and shut the fuck up." (*Id*. at 17). The plaintiff was subsequently transferred to the TTCC.

The complaint further alleges that, while incarcerated at the TTCC, the plaintiff has been denied medical treatment, despite his multiple requests for sick calls to address an "overheating feeling like [he] would pass out." (*Id*. at 4). Specifically, on May 27, 2021, when the plaintiff "passed out" in his cell, he "woke up to a nurse hitting [him] in the face with handcuffs telling [him] to wake up. That nothing was wrong with me." (*Id*. at 3-4). The male nurse accused the plaintiff of lying and left him in his cell. (*Id*. at 4).

IV.     Analysis

The complaint names only two defendants to this action.

A.     **TTCC Nurses Bryant and Burris**

The complaint names as defendants two TTCC nurses, identified by their last names only. (Doc. No. 1 at 2). However, other than being listed as defendants, neither Nurse Bryant nor Nurse

---

[1] At times in the complaint this officer is referred to as "Gora." (Attach. 1 to Doc. No. 1 at 17-18).

Burris is mentioned in the narrative of the complaint or in the attachment to the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). Because the plaintiff does not allege the personal involvement of Nurses Bryant or Burris in the events set forth in the complaint, the plaintiff has not established a basis for imposing individual liability on these defendants. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Thus, the plaintiff's claims against these defendants are subject to dismissal.

However, the plaintiff alleges that (1) he repeatedly requested attention and treatment by prison medical personnel for a serious and emergent medical condition that, at the least, caused the plaintiff to feel in danger of losing consciousness; (2) the plaintiff's requests were ignored; and (3) on at least one occasion, prison medical personnel witnessed the plaintiff having fallen unconscious – the very condition for which he had sought medical attention – and, in response, still denied him any medical evaluation or attention. He therefore is alleging a complete denial of care, not complaining about the level of care he received. Taking into consideration these allegations, the plaintiff's pro se status, and the possibility that the "the male nurse" mentioned in the complaint could be Nurse Bryant or Burris, the court will permit the plaintiff an opportunity to amend his complaint to more fully articulate his claims against the TTCC nurses. Should the plaintiff fail to take advantage of his opportunity to amend, these claims will be dismissed.

**B.     BCCX Nurses and Doctors**

The plaintiff does not identify by name the individuals allegedly responsible for denying him medical treatment at BCCX or providing him with what the plaintiff believes was substandard treatment. However, any such claims would be barred by the statute of limitations. "The statute

of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint. . . ." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, the events about which the plaintiff complains occurred in March, June, and July of 2020, the latest of which was July 3, 2020. The plaintiff therefore had one year from those dates to raise any Section 1983 claims pertaining to those events. The court received the complaint on July 16, 2021.[2] Because the plaintiff filed his complaint after the expiration of the governing one-year statute of limitations with respect to any claims pertaining to his medical treatment on March 1, 2020, March 9, 2020, June 28, 2020, June 29, 2020, July 1, 2020, and July 3, 2020, those claims would be subject to dismissal if the plaintiff were to name the individuals allegedly responsible

---

[2] Although he signed the complaint, the plaintiff did not date his signature. (Doc. No. 1 at 6).

5

for the violation of his civil rights. It therefore would be futile to permit the plaintiff to amend his complaint to add the names of those individuals.

### C. BCCX C/Os Gore and Campbell

The complaint also does not name BCCX C/Os Gore and Campbell as defendants to this action. However, the complaint alleges that these officers used excessive force against the plaintiff in violation of the Eighth Amendment's protection against cruel and unusual punishment.

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added).The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312,

6

321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" *Cordell*, 759 F.3d at 581 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and wanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Here, the complaint alleges facts that could be viewed as stating colorable excessive force claims against C/Os Campbell and Gore. Further, the alleged incident involving these C/Os occurred on September 2, 2020; therefore, any excessive force claims arising from this incident would fall within the governing statute of limitation period. Taking into consideration the plaintiff's pro se status and the allegations of the complaint, the plaintiff will be permitted to amend his complaint, if he so desires, to name C/Os Campbell and Gore as defendants to this action in their individual capacities.

## V. Conclusion

Having conducted the screening required by the PLRA, the court determines that the complaint fails to state Section 1983 claims upon which relief can be granted against Nurses Bryant and Burris, the only named defendants to this action. Therefore, this action is subject to dismissal.

However, the court will permit the plaintiff an opportunity to amend his complaint to more fully articulate his claims against Nurses Bryant and Burris. In addition, the court will permit the plaintiff to amend his complaint, if he so desires, to name C/Os Campbell and Gore as defendants to this action in their individual capacities.

The plaintiff must submit an amended complaint within 30 days of entry of this memorandum opinion and accompanying order; otherwise, this case will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge