IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNATHON VIARS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00537 |
| | ) Judge Trauger |
| NURSE f/n/u BRYANT, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Johnathon Viars, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a pro se, in forma pauperis amended complaint under 42 U.S.C. § 1983 against Nurse f/n/u Bryant, Nurse f/n/u Burris, and "CoreCivic – TTCC Prison," alleging violations of the plaintiff's civil rights at TTCC. (Doc. No. 9).

**I.     Background**

On July 16, 2021, plaintiff Johnathon Viars filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Nurse f/n/u Bryant and Nurse f/n/u Burris, alleging violations of the plaintiff's civil rights at TTCC and while he was an inmate of the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee. (Doc. No. 1). By order and memorandum opinion entered on October 19, 2021, the court conducted the required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, granted pauper status to the plaintiff, and determined that the complaint fails to state Section 1983 claims upon which relief may be granted. (Doc. Nos. 7 and 8). However, the court determined that the plaintiff would be permitted to amend his complaint to more fully articulate his claims against Nurses Bryant and Burris and, if the plaintiff so desired, to name C/Os Campbell and Gore as

1

defendants to this action. (*Id*.) The court instructed the plaintiff that, if he wished to file an amended complaint, he must do so within 30 days of entry of the court's order. (*Id*.)

On August 25, 2021, the plaintiff filed another pro se complaint under Section 1983 against CoreCivic, Nurse f/n/u Bryant, and Nurse f/n/u Burris, alleging violations of the plaintiff's civil rights both at TTCC and the BBCX. Upon receipt of that complaint, the Clerk's Office opened a new case on August 31, 2021. *See Johnathon Viars v. CoreCivic, et. al.*, No. 3:21-cv-00677 (Richardson, J.) ("Richardson case"). In the Richardson case, the plaintiff alleged only one claim against three defendants: "[t]he right to be treated by medical as an inmate in prison." (*Id*., Doc. No. 1 at 3). The plaintiff did not provide many details regarding his claims. Instead, he stated: "They [his claims] arose at this prison (TTCC) around the months of April, May, June, July, August of 2021. I sent 7 pages of dates and times in my last letter – paperwork." (*Id*., Doc. No. 1 at 4).

By order entered on November 1, 2021, The Honorable Eli Richardson found that it appeared that the plaintiff intended to file the complaint that was docketed in the Richardson case as the amended complaint contemplated by this court in its October 29, 2021 order. (*Id*., Doc. No. 5 at 2). Judge Richardson therefore directed the Clerk to docket Doc. No. 1 in the Richardson case as an amended complaint in the instant case. (*Id*. at 3) Further, he directed the Clerk to administratively close the Richardson case. (*Id*.) The Richardson complaint was then docketed as an amended complaint in the instant action. (Doc. No. 9).

By order entered on January 14, 2022, the court observed that, while both the original complaint in this case and the amended complaint name the same two nurses as defendants and allege the denial of needed medical treatment, the complaints concern different time periods (instant complaint: 2020 and May 2021; Richardson complaint: April 2021 to present). (Doc. No.

12 at 2). Due to the unusual progression of this case, the court found it appropriate to permit the plaintiff to submit one final amended complaint if he desired to do so. (*Id*. at 2). The court directed the plaintiff to file any amended complaint no later than 30 days after entry of the court's order. (*Id*.) The court indicated that, upon receipt of an amended complaint, the court would screen any new claims raised as required by the PLRA. (*Id*.)

The plaintiff did not file an amended complaint before the expiration of the 30-day period. Instead, the court's order was returned as "Undeliverable: Inmate Paroled/Discharged." (Doc. No. 13). Thus, the amended complaint filed on August 25, 2021 (Doc. No. 9) is before the court for an initial review pursuant to the PLRA.

## II. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The amended complaint alleges that the plaintiff brings this action seeking to vindicate "[t]he right to be treated by medical as an inmate in prison." (Doc. No. 9 at 3). The amended complaint further alleges that "[t]he facts are I had and still do have a medical problem and can prove it. And I was and still am being refused the right to receive medical treatment." (*Id*. at 5). The plaintiff's claims accrued "around the months of April, May, June, July, August of 2021" while the plaintiff was an inmate of the TTCC. (*Id*. at 4).

### V. Analysis

The amended complaint names three defendants to this action: Nurse f/n/u Bryant, Nurse f/n/u Burris, and "CoreCivic – TTCC Prison."

4

A. **TTCC Nurses Bryant and Burris**

The court previously determined that the plaintiff had failed to state Section 1983 claims upon which relief can be granted against Nurses Bryant and Burris. (Doc. No. 7 at 3-4). Although the court allowed the plaintiff to amend his complaint to more fully articulate his claims against defendants Bryant and Burris, the plaintiff failed to do. While he filed an amended complaint, he provides less information in it than he did in his original complaint. The court specifically warned the plaintiff in its prior memorandum opinion that, "[s]hould the plaintiff fail to take advantage of this opportunity to amend, these claims will be dismissed." (*Id*. at 4). Because the plaintiff does not allege the personal involvement of Nurses Bryant or Burris in the events set forth in the complaint, the plaintiff has not established a basis for imposing individual liability on these defendants. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Thus, the plaintiff's claims against these defendants will be dismissed.

B. **CoreCivic-TTCC Prison**

The amended complaint names "CoreCivic-TTCC Prison" as a defendant to this action. (Doc. No. 8 at 1).

To the extent that the plaintiff intended to sue TTCC as a defendant, the Trousdale Turner Correctional Center is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under § 1983)). Thus, the amended complaint fails to state a Section 1983 claim upon which relief can be granted against TTCC, and any such claim will be dismissed.

CoreCivic is the private corrections management firm that operates TTCC. Because it performs a traditional state function in operating a state prison, CoreCivic acts under the color of state law. *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). However, unlike the State, CoreCivic is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). To hold CoreCivic liable, a plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *See Street*, 102 F.3d at 818. Liability attaches only if CoreCivic's policies were shown to be the "moving force" behind a plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Here, the plaintiff makes no allegation regarding a "policy or custom" of CoreCivic. CoreCivic is not mentioned anywhere other than in the caption of the amended complaint. Thus, the plaintiff fails to state a claim against CoreCivic, and this claim, like the others, will be dismissed.

## VI. Conclusion

Having conducted the screening required by the PLRA, the court determines that the amended complaint fails to state Section 1983 claims upon which relief can be granted against Nurses Bryant and Burris, TTCC, and CoreCivic. Thus, this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

6